1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTONIO LEE MIXON,

                                      Plaintiff,

      v.

APPLE INCORPORATED,
TIDAL WAVE COMPANY,

                                  Defendants.

Case No. 3:17-cv-00047-MMD-WGC

**REPORT & RECOMMENDATION OF
U.S. MAGISTRATE JUDGE**

15

16

      Before the court is Plaintiff's application to proceed in forma pauperis (IFP) (Electronic Case Filing (ECF) No. 1) and pro se complaint (ECF No. 1-1).

17

### I. APPLICATION TO PROCEED IFP

18

19

20

21

22

23

      A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915; *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed IFP, not just prisoner actions).

24

25

26

27

      In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

28

/ / /

/ / /

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation and quotation marks omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

When a prisoner seeks to proceed without prepaying the filing fee:

[I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

(1) … [I]f a prisoner brings a civil action…[IFP], the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months is $63.87, and his average monthly deposits are $47.50.

Plaintiff's application to proceed IFP should be granted. He should be required to pay an initial partial filing fee in the amount of $12.77 (20 percent of $63.87). Thereafter, whenever his prison account exceeds $10, he should be required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the filing fees are paid.

/ / /

/ / /

/ / /

## II. SCREENING

**A. Standard**

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)(B)(ii) when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts

to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff, who is currently incarcerated within the Nevada Department of Corrections (NDOC), at Ely State Prison (ESP) sues Apple Inc. and Tidal Wave Company. (ECF No. 1-1.) He alleges that between April and August of 2014, he invented a cellular portable device with the sole function of streaming audio, and specifically, live audio playback of exclusive concerts of recording artists and disc jockeys. (ECF No. 1-1 at 2.) He asserts that from High Desert State Prison (HDSP), he sealed this prototype in an envelope marked "Legal Patent" and mailed it to his home. (*Id*.) The envelope to not arrive to his home, so later that year he mailed another prototype home, marked "Don't Open." (*Id*.) He then put the rest of the function together and added video to the audio playback feature, and put it in an envelope again marked "Don't Open" and sent it for mailing. (*Id*.) Three days later, it was returned opened and had apparently not left the prison. (*Id*.) Later, he heard an officer saying that they sold it to Apple. (*Id*. at 3.) He goes on to aver that a source advised him that Apple and Tidal Wave have been using his invention. (*Id*.) He contends he has been denied patent, copyright and trademark rights. (*Id*.) As a result, he claims he has lost out on a lot of business. (*Id*.) He then mentions that Apple came out with his wireless ear bug headphones without his permission. (*Id*.) He requests that Apple pay thirteen billion dollars and fifty cents in damages and remove his product from the market, or play "1 billion plus 1 billion dollars" and negotiate with him concerning licensing. (*Id*. at 4.) He requests 50.5 million in damages from Tidal Wave. (*Id*.)

/ / /

/ / /

**C. Analysis**

Plaintiff's allegation that he created several prototype devices for streaming live audio playback of concerts and disc jockeys while in prison, and that unidentified officers within the prison sold his prototype to Apple, and it was being used by Apple and Tidal Wave, is fanciful. As the Supreme Court has noted, "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "To prevent such abusive or captious litigation, § 1915(d) [now § 1915(e)(2)(B)(i)] authorizes federal courts to dismiss a claim filed [IFP] 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.'" *Id*. "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Id*. (citation omitted). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Id*. This term "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*. 1915(e)(2)(B)(i) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*. at 327. This includes "claims of infringement of a legal interest which clearly does not exist" and "claims describing fantastic or delusional scenarios." *Id.* at 327-28. Thus, even taking these far-fetched allegations as true, Plaintiff admits he does not hold a patent, trademark or copyright for the prototype(s), and therefore has no legal recourse.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

As such, the court recommends that Plaintiff's action be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an Order:

(1) **GRANTING** Plaintiff's application to proceed IFP (ECF No. 1);

(2) Directing the Clerk to **FILE** the complaint (ECF No. 1-1); and

(3) **DISMISSING** the action **WITH PREJUDICE**.

Plaintiff is advised:

1. That pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation may be filed within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED:  February 1, 2016.

WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE