UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANTONIO LEE MIXON,

        Plaintiff,

v.

APPLE INCORPORATED,
TIDAL WAVE COMPANY,

        Defendants.

Case No. 3:17-cv-00047-MMD-WGC

ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 3) ("R&R") relating to Plaintiff's application to proceed *in forma pauperis* ("IFP Application") (ECF No. 1) and *pro se* complaint (ECF No. 1-1). Plaintiff filed his objection on February 8, 2017 ("Objection"). (ECF No. 4.)

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to

which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review*. See, e.g., Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

The Magistrate Judge recommends granting Plaintiff's IFP Application. Plaintiff does not object to the granting of his IFP Application, but does object to being required to pay an initial partial filing fee of $12.77 fee and, thereafter, whenever his prison account exceeds $10, that he be required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the filing fee is paid. Plaintiff contends that when *in forma pauperis* status is granted, he should not have to pay and that he did not have to pay in two other cases filed in this Court. (ECF No. 4 at 4.) However, a prisoner who has been granted *in forma pauperis* status is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(a)(2). Moreover, the Court is required to "assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee" of a certain amount. *Id.* The Magistrate Judge recommends such partial payment based on Plaintiff's certified financial statement. The Court agrees with the Magistrate Judge's recommendation.

The Magistrate Judge recommends dismissing the complaint with prejudice because it is "fanciful," and "even taking these far-fetched allegations as true, Plaintiff admits he does not hold a patent, trademark or copyright for the prototype(s) and therefore has no legal recourse." (ECF No. 3 at 5.) Plaintiff essentially argues that his complaint should be allowed to proceed because evidence of infringement is clear on the face of the complaint and because his complaint should be viewed under the less stringent pleading standard governing pro se complaints. (ECF No. 4 at 2-3, 6-7.) However, the Court agrees with the Magistrate Judge that Plaintiff's allegations are

"fanciful" and his claims frivolous. Accordingly, the Court adopts the Magistrage Judge's recommendation.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 3) be accepted and adopted in its entirety.

It is ordered that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is granted. Plaintiff wil be required to pay an initial partial filing fee in the amount of $12.77. Thereafter, whenever Plaintiff's prison account exceeds $10, Plaintiff will be required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full filing fee is paid.

It is further ordered that the Clerk detach and file the complaint (ECF No. 1-1).

It is further ordered that the complaint (ECF No. 1-1) is dismissed with prejudice.

The Clerk is instructed to close this case.

DATED THIS 27th day of April 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE